**LONDON & OVERSEAS FREIGHTERS PLC**

v.

**The UNITED STATES.**

**No. 30–83C.**

United States Claims Court.

July 29, 1983.

John D. Kimball, New York City, for plaintiff; Healy & Baillie, New York City, of counsel.

Larry S. Craig, Washington, D.C., for defendant; Asst. Atty. Gen. J. Paul McGrath and Mark A. Dombroff, Washington, D.C., of counsel.

## OPINION ON DEFENDANT'S MOTION TO DISMISS

WHITE, Senior Judge.

In the complaint, the plaintiff, a corporation organized under the laws of England, requests judgment against the United States in the sum of $25,393.96, representing an amount expended by the plaintiff in connection with the cleanup in January 1981 of an oil spill at Port Jefferson, New York. The claim is asserted under the provisions of 33 U.S.C. § 1321(i)(1) (1976).

The complaint alleges that the plaintiff is the owner and operator of the M.T. LONDON CONFIDENCE; that on January 16, 1981, the plaintiff's vessel was alongside a dock at Port Jefferson, New York, and was taking on ballast, after having discharged her cargo; that at the time mentioned, the barge PUTNAM was alongside the same

dock, immediately opposite the M.T. LONDON CONFIDENCE, and was discharging a cargo of No. 2 oil; that at about 10:30 a.m. on January 16, while the activities previously mentioned were in progress, an oil spill was discovered in the vicinity of the two vessels; that such oil was not spilled from the M.T. LONDON CONFIDENCE, and the spill was not caused or contributed to by any fault, neglect, or want of care on the part of the plaintiff, but was caused solely by the act or omission of third parties, including but not limited to the owner of the PUTNAM; that pursuant to a directive from the U.S. Coast Guard, cleanup operations were undertaken by Marine Pollution Patrol, Inc., on January 16 and were completed on January 19; and that thereafter, on or about May 12, 1981, the plaintiff paid Marine Pollution Control, Inc., the sum of $25,393.96 for services rendered in cleaning up the oil spill.

The complaint does not allege that the payment was made by the plaintiff pursuant to any demand or request from an individual or agency purporting to act for the United States. Thus, insofar as the Government is concerned, the plaintiff presumably was a third-party volunteer in defraying the cost, or part of the cost, involved in removing the spilled oil.

The defendant has filed a motion to dismiss the complaint on the ground that the claim asserted in the complaint is outside the ambit of the statutory provision on which the claim is based.

The defendant's contention must be upheld by the court.

The statutory provision in question, 33 U.S.C. § 1321(i)(1), provides in pertinent part as follows:

(i) Recovery of removal costs

(1) In any case where an owner or operator of a vessel or an onshore facility or an offshore facility from which oil or a hazardous substance is discharged * * * acts to remove such oil or substance * *, such owner or operator shall be entitled to recover the reasonable costs incurred in such removal upon establishing, in a suit which may be brought against the United States Government * * *, that such discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or (D) an act or omission of a third party * * *, or of any combination of the foregoing causes.

It will be noted that Congress, in section 1321(i)(1), restricted to a single class of persons the right to sue the Government for the recovery of the costs involved in the removal of spilled oil. That class includes only "an owner or operator of a vessel or an offshore facility or an onshore facility *from which* oil or a hazardous substance is discharged" (emphasis supplied). As the plaintiff in this case, according to the allegations in the complaint, was not the owner or operator of the vessel (or other facility) from which the oil was discharged at Port Jefferson, the plain language of section 1321(i)(1) necessarily precludes the plaintiff from obtaining relief under its provisions. *Cf. Union Petroleum Corp. v. United States,* 228 Ct.Cl. 54, 72, 651 F.2d 734, 744–45 (1981).

The defendant's motion to dismiss is allowed.

The complaint will therefore be dismissed.

IT IS SO ORDERED.